# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MARK SNYDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | _____ |
| BERLIN PACKAGING, LLC, ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant. ) | |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

COMES NOW Mark Snyder ("Plaintiff" or "Mr. Snyder") and files this Complaint for Injunctive Relief and Damages, showing the Court the following:

## INTRODUCTION

1.

This is an action for race and national origin discrimination under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981 ("Section 1981"). Mr. Snyder is an experienced business professional with over 30 years of experience in supply chain, distribution and logistics operations. He applied for a position at Berlin Packaging, and after several interviews was told that the only reason he did not get the job was that the company wanted a "diversity hire," and that as a white American male, he did not qualify.

2.

Mr. Snyder seeks back pay and lost economic benefits of his employment, front pay in lieu of reinstatement, compensatory damages, punitive damages, and his reasonable attorneys' fees and costs of litigation in an amount to be determined at trial.

## PARTIES

3.

Plaintiff Mark Snyder is and was at all times herein a citizen and resident of the state of Georgia. He is a white male, and his national origin is American.

4.

At all times relevant to this action, Plaintiff was an "employee" of Defendant within the meaning of Title VII.

5.

Defendant Berlin Packaging, LLC is a foreign (Delaware) limited liability corporation with its principal place of business in Illinois, and it is registered to do business in the state of Georgia.

6.

At all times relevant to this action, Defendant was a covered "employer" within the meaning of Title VII.

7.

Defendant Berlin Packaging LLC ("Berlin") may be served by delivering a copy of the summons and complaint to Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

JURISDICTION AND VENUE

8.

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1981.

9.

The violations of Plaintiff's rights occurred in the Northern District of Georgia. Venue for this action in the Northern District of Georgia under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions, and the unlawful actions and practices which give rise to Plaintiff's claims occurred in the District.

ADMINISTRATIVE PROCEEDINGS

10.

Mr. Snyder filed a charge with the United Stated Equal Employment Opportunity Commission ("EEOC") on May 26, 2022, asserting race discrimination in violation of Title VII. Plaintiff received a Notice of Right to Sue from the EEOC within 90 days of the filing of this Complaint and has exhausted all administrative

3

perquisites for bringing his Title VII claim for race discrimination.

11.

Mr. Snyder filed a second charge with the EEOC on December 12, 2022, asserting discrimination based on national origin in violation of Title VII. That charge is still pending with the EEOC. If and/or when Plaintiff receives a Notice of Right to Sue from the EEOC, he plans to move for leave to amend this Complaint to add a claim under Title VII for national origin discrimination.

## FACTS

12.

Mr. Snyder is white, originally from the United States.

13.

Mr. Snyder has over 30 years of experience as a business professional in supply chain, distribution and logistics operations.

14.

On February 12, 2022, Mr. Snyder applied for the position of Regional Director of Operations at Berlin.

15.

Mr. Snyder met all the qualifications and prerequisites for the subject position at Berlin.

16.

Between, February 21, 2022 and March 8, 2022, Mr. Snyder partook of three interviews for the position.

17.

Mr. Snyder's first interview was with Kody Kidd from On Partners, a third-party recruiting company contracted by Berlin Packaging to assist with their recruiting process.

18.

The second interview Mr. Snyder had was with Tara Flickinger, also of ON Partners.

19.

Mr. Snyder's third and final interview took place with Brent Lastor, the Senior Vice President of Operations at Berlin Packaging.

20.

On March 16, 2022, Mr. Snyder was informed that he was one of five final candidates for the position.

21.

On March 28, 2022, Mr. Snyder received an email from Ms. Flickinger stating that he was still under consideration for the position and that the company had not

decided on a candidate yet.

22.

Later that day, Mr. Snyder received a call from Ms. Flickinger stating that Mr. Lastor wanted to interview more candidates for the position and restart the candidate search.

23.

At that time, Mr. Snyder inquired about the specific reason(s) for not being chosen for the position and was informed by Ms. Flickinger that it was due to his race and/or national origin.

24.

Specifically, Ms. Flickinger told Mr. Snyder, "I will tell you this and you're not going to like it, they [Berlin Packaging] want a diversity hire, thereby you obviously wouldn't be eligible for that."

25.

Ms. Flickinger then indicated that a majority of the workforce is African American, and the company believes that the workforce would best be managed by an African American.

26.

In response, Mr. Snyder stated that he had successfully managed diverse

workforces before. Ms. Flickinger responded that the company considered that irrelevant.

27.

By Berlin's own admission, but for Mr. Snyder's race and/or national origin, he would have been hired for the subject position.

28.

On or about May 26, 2022, Mr. Snyder filed an EEOC Complaint for discrimination based on race.

29.

On or about June 27, 2022, Mr. Snyder was made aware that the subject position was given to Fadi Georges Chabbouh. Mr. Chabbouh is of international origin (i.e. outside the United States) with an international education.

30.

On or about December 12, 2022, Mr. Snyder filed a second EEOC charge asserting discrimination based on national origin in violation of Title VII.

31.

The position for which Mr. Snyder applied would have provided a considerable increase in Mr. Snyder's salary from his current position.

## COUNT I
## RACE DISCRIMINATION IN VIOLATION OF TITLE VII

32.

Paragraphs 1-31 are incorporated by reference into this Count, as if fully restated and realleged herein.

33.

Plaintiff is a member of a protected class in that he is white.

34.

Defendant failed to hire Mr. Snyder because of his race, thereby denying him the terms and benefits of employment with Defendant.

35.

Defendant's denial of the terms and benefits of employment to Mr. Snyder constituted unlawful discrimination and violated Title VII.

36.

Defendant treated similarly situated employees more favorably than Mr. Snyder in that they were not subjected to adverse employment action.

37.

Defendant undertook its unlawful conduct intentionally, deliberately, maliciously, and in reckless disregard with respect to Mr. Snyder and his federally protected rights, entitling Mr. Snyder to recover compensatory and punitive damages

against Defendant.

38.

Defendant's actions were willful, wanton, and intentionally directed to harm Mr. Snyder.

39.

Defendant's actions were taken deliberately and with reckless disregard for the probable consequences of its actions.

40.

As a direct and proximate result of Defendant's violations of Title VII, Mr. Snyder has suffered damages including lost wages, emotional distress, inconvenience, loss of benefits, humiliation, and other indignities.

41.

As a direct and proximate result of Defendant's actions against Mr. Snyder, he has been damaged and is entitled to the relief set forth in the Prayer for Relief below.

## COUNT II
## RACE/NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF SECTION 1981

42.

Paragraphs 1-31 are incorporated by reference into this Count, as if fully restated and realleged herein.

43.

Plaintiff is a member of a protected class, in that he is white and his national origin is the United States of America.

44.

Defendant failed to hire Mr. Snyder because of his race and/or national origin, thereby denying him the terms and benefits of employment with Defendant.

45.

But for Mr. Snyder's race and/or national origin, he would not have been denied employment by Defendant.

46.

Defendant's denial of the terms and benefits of employment to Mr. Snyder constituted unlawful discrimination and violated Section 1981.

47.

The effect of Defendant's actions complained of above has been to impair Mr. Snyder's rights to make and enforce contracts because of his race and national origin.

48.

Defendant undertook its unlawful conduct intentionally, deliberately, maliciously, and in reckless disregard with respect to Mr. Snyder and his federally protected rights, entitling Mr. Snyder to recover compensatory and punitive damages

against Defendant.

49.

Defendant's actions were willful, wanton, and intentionally directed to harm Mr. Snyder.

50.

Defendant's actions were taken deliberately and with reckless disregard for the probable consequences of its actions.

51.

As a direct and proximate result of Defendant's violations of Section 1981, Mr. Snyder has suffered damages including lost wages, emotional distress, inconvenience, loss of benefits, humiliation, and other indignities.

52.

As a direct and proximate result of Defendant's actions against Mr. Snyder, he has been damaged and is entitled to the relief set forth in the Prayer for Relief below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for the following relief:

A.   That a jury trial be had on all issues so triable;

B.   Back pay and benefits;

C.   Front pay and benefits;

D.   Compensatory damages;

E.   Punitive damages;

F.   Declaratory relief;

G.   Injunctive relief to prevent Defendant from engaging in such discriminatory and retaliatory conduct in the future;

H.   Costs incurred in bringing this action, including Plaintiff's attorneys' fees;

I.   Interest on all monetary awards; and

J.   Such other and further relief as the court deems appropriate under the circumstances of this case.

Respectfully submitted this 6th day of March, 2023.

                                                        **BUCKLEY BALA WILSON MEW LLP**

By:   */s/ Anita K. Balasubramanian*
       Anita K. Balasubramanian
       Georgia Bar No. 372029
       abala@bbwmlaw.com
       Andrew R. Tate
       Georgia Bar No. 518068
       atate@bbwmlaw.com

600 Peachtree Street NE
Suite 3900
Atlanta, GA  30308
Telephone: (404) 781-1100
Facsimile:  (404) 781-1101